IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARYIE EARL JONES, #156610, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:08-CV-304-MHT |
| ) | [WO] |
| ) | |
| LOUIS BOYD, et al., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Laryie Earl Jones ["Jones"], a state inmate, on April 17, 2008. In this petition, Jones challenges convictions for unlawful possession of drug paraphernalia (3 counts) and unlawful possession of a controlled substance (3 counts) imposed upon him in May of 2006 by the Circuit Court of Covington County, Alabama.

Jones filed a direct appeal of his convictions in which he alleged the trial court erred in its denial of his motion to enforce the terms of the guilty plea agreement as he understood such terms and abused its discretion when it denied his motion to sever his cases for trial. *Respondents' Exhibit B - Court Doc. No. 20-19* at 11. On May 18, 2007, the Alabama Court of Criminal Appeals affirmed Jones' possession of drug paraphernalia and possession of controlled substances convictions in an unpublished memorandum

opinion. *Respondents' Exhibit D - Court Doc. No. 20-21*. The appellate court's opinion, in relevant part, reads as follows:

> On September 27, 2005, after a jury was impaneled in [the petitioner's] case[s], Jones agreed to enter guilty pleas for his charges pursuant to a negotiated plea agreement with the State. During the plea colloquy, Jones stated that he understood the nature of the charges pending against him and that he had read and understood the "Explanation of Rights and Plea of Guilt" form which he had executed. He also affirmed that he was not under the influence of alcohol or drugs and had not been promised any leniency or preferential treatment as a result of his pleading guilty. The trial court explained the possible ranges of sentences and potential penalties associated with Jones's guilty pleas and convictions. Having previously filed notice with Jones and the court, the State renewed its intent to use Jones's six prior felony convictions for sentence enhancement purposes. Jones admitted that he had been convicted of at least three prior felony convictions. The trial court explained that Jones could plead not guilty, that he had the right to remain silent and did not have to testify, and that a guilty plea waived certain rights including his right to appeal, unless issues were properly reserved for appellate review. The trial court asked Jones if he was coerced into entering his pleas and Jones verified that his pleas were voluntary. When asked by the trial court if he had anything to say about the way his attorneys had handled his case[s], Jones had nothing to say. During the trial court's rendering of sentence, the court sentenced Jones to 15 years' imprisonment for each felony conviction; with credit granted for time served. The court then split Jones's sentences and ordered him to serve an additional year of imprisonment. Upon release, Jones was ordered to complete a 12-month residential substance abuse rehabilitation program, then serve the balance of his sentence on supervised probation.
> On October 7, 2005 -- ten days later -- Jones filed a motion to withdraw his guilty plea[s] based on the grounds that the trial court had failed to give him proper credit for time served. On November 8, 2005, a hearing was held during which Jones orally modified his motion to include a motion to enforce the guilty plea sentencing order as written. Jones testified that he understood his plea agreement to be a one-year split sentence with credit for time served, which was greater than one year and because of that he would be released. The State responded that the plea agreement was intended to indicate that Jones was to serve one year in addition to time served. Jones

2

asked the trial court to enforce the plea agreement as he understood it, or in the alternative, set aside the plea agreement and proceed to trial. The trial court held that there was, in fact, ambiguity in the previously agreed-upon plea agreement. The hearing was continued in order to allow the trial court to examine the transcript of the original plea colloquy.      On December 1, 2005, the trial court resumed the hearing and stated to the parties that the plea agreement contained conflicting provisions. The trial court asked Jones if he wanted to set the guilty plea[s] aside and reinstate the ... cases for trial. Jones stated that he did. Accordingly, the trial court granted Jones's motion to withdraw his guilty plea[s], holding that there was no meeting of the minds between Jones and the State as to his plea agreement.

Jones's trial was held in May 2006 and the jury returned a verdict of guilty on all six charges.... This appeal followed.

I.

On appeal Jones argues that the trial court erred when it failed to enforce his original plea agreement as he understood the terms of the plea agreement to be. His specific argument was that the trial court erred in its application of [state law] in ruling on his motion to enforce the plea agreement.
\*\*\*

Here, the trial court determined that there was never a meeting of the minds between the parties and thus, in light of contract principles [applicable to plea agreements], no plea agreement ever existed. Since there was no plea agreement, there could be no claim that the plea agreement was improperly implemented or enforced. The trial court held that because there was no agreement to the express terms of the plea agreement, the appropriate legal remedy was to allow Jones to withdraw his plea.

As this Court stated in Sides v. State, 575 So.2d 1232, 1234 (Ala.Crim.App. 1991): "[w]e will not disturb the decision of the trial court, in relation to the findings concerning the plea bargain agreement, unless a clear abuse of discretion has been shown. See McKee v. State, 253 Ala. 235, 44 So.2d 781 (1949)." When an allegation is made that a plea agreement has been breached, it is for the trial court to determine whether an agreement was made, what the terms of the agreement were, and whether there has been compliance with or a breach of the agreement. Sides v. State, supra. Furthermore, "[t]he mere subjective beliefs or expectations of a defendant as to the length of sentence to be imposed, unsupported by any promise from the State or indications by the court, are insufficient and unavailing to set

3

aside a guilty plea as unknowingly or involuntarily made." State v. Holman, 486 So.2d 500, 503 (Ala. 1986), citing Tiner v. State, 421 So.2d 1369 (Ala.Crim.App. 1982).

In the instant case, Jones filed a pro se motion to withdraw his guilty pleas, alleging that the trial court failed to credit his sentences for the time he spent incarcerated prior to sentencing. A hearing was held on the motion on November 8, 2005. The trial court reviewed testimony and argument relating to the circumstances of Jones's plea agreement. Jones's newly-appointed counsel amended Jones's motion to withdraw his plea to include a claim that the trial court should enforce the plea agreement as Jones understood the terms of the agreement to be -- a one year split sentence, offset by Jones's 15 months' incarceration prior to sentencing, resulting in Jones's immediate release. Jones's testimony at the hearing reiterated this position. The State countered with testimony that it was their intention that Jones serve one year of incarceration in addition to the time he had already served. The trial court reviewed the transcript of the plea colloquy, which indicated that Jones was to serve one year in the penitentiary in this case starting on September 27, 2005, and the execution of the remainder of Jones's sentence was to be suspended and he would be placed on probation for the balance of the sentence. The trial court further ruled that Jones would receive credit for any time served in this case, "but not on the one year." Although it appears that the record supports the State's interpretation of the plea agreement, we cannot say that the trial court abused its discretion in finding that there was an apparent ambiguity in the plea agreement as well as a misunderstanding of the terms of the plea agreement between the parties. Moreover, Jones even requested that he be allowed to withdraw his guilty pleas. Given these facts, the trial court properly allowed Jones to withdraw his guilty plea[s]. "The law in Alabama is clear that whether a defendant should be allowed to withdraw a plea of guilty is a matter solely within the discretion of the trial court, whose decision will not be disturbed on appeal absent a showing of abuse of discretion. Ex parte Heaton, 542 So.2d 931, 933 (Ala. 1989)." Alford v. State, 651 So.2d 1109, 1112 (Ala.Crim.App. 1994).

Jones argues that our decision in Fuqua v. State, 910 So.2d 141 (Ala.Crim.App. 2005), required a trial court to "determine and ... certify the actual time Fuqua spent incarcerated before trial and to credit Fuqua's sentence," entitled him "to have that time credited against the incarceration portion of his sentence." Fuqua, 910 So.2d at 143, 146. Because there was no meeting of the minds regarding the plea agreement, no valid plea agreement existed; thus, this issue is not properly before us for review.

> II.
>
> Next, Jones argues that the trial court erred when it denied his motion to sever his case for trial and as a result he was severely prejudiced.
>
> Our examination of the record indicates that during a December 13, 2003, hearing on the State's motion for consolidation, Jones and his counsel expressly agreed to consolidate the cases against him for trial. On January 17, 2006, Jones filed a "Motion to Unconsolidate Trials." That motion was [filed over two years after expiration of the time allowed by state law for such a motion and] denied by the trial court on February 22, 2006.
> \*\*\*
>
> .... Jones's motion for a severance, coming as it did over two years after he agreed to the consolidation, was untimely. Accordingly, he waived further consideration of this issue.
> \*\*\*
>
> Notwithstanding the fact that Jones's motion to sever was untimely, the trial court did not abuse its discretion when it denied Jones's motion.
> \*\*\*
>
> Here, the trial court held a hearing on Jones's motion for severance. The trial court ruled that Jones's motion was untimely filed and that the joinder of his offenses was proper pursuant to [the applicable state rule of procedure]. Jones has failed to demonstrate that the consolidation of his cases resulted in actual and compelling prejudice. Actual and compelling prejudice is necessary to outweigh the benefits of judicial economy resulting from consolidation. Williams v. State, 710 So.2d 1276 (Ala.Crim.App. 1996). Accordingly, he is due no relief as to this issue.
>
> Based on the foregoing, the judgment of the trial court is due to be affirmed.

*Respondents' Exhibit D - Court Doc. No. 20-21* at 2-4, 6-9 (citation to record omitted). The Alabama Court of Criminal Appeals denied Jones' application for rehearing and the Alabama Supreme Court denied his petition for writ of certiorari. The certificate of judgment issued on October 12, 2007. *Respondents' Exhibit E - Court Doc. No. 20-22*.

Jones filed three *pro se* state post-conviction petitions pursuant to Rule 32 of the Alabama Rules of Criminal Procedure with the Circuit Court of Covington County,

5

Alabama in which he raised the following claims challenging his convictions for possession of drug paraphernalia and possession of a controlled substance: (1) The trial court lacked jurisdiction to render the judgments or impose the sentences; (2) The sentences imposed exceed the maximum authorized by law; (3) Newly discovered facts exist which require that the convictions be set aside; (4) The trial court was without jurisdiction to render the judgments because it denied the petitioner a speedy trial; (5) The convictions were obtained due to the prosecution's failure to disclose favorable evidence; (6) The sentences imposed have expired; (7) The convictions were obtained by a grand jury whose members were unconstitutionally selected and impaneled; (8) Trial and appellate counsel provided ineffective assistance; (9) A material variance exists between the allegations in the indictments and the evidence presented at trial; (10) The indictments failed to allege all essential elements of the charged offenses; (11) The State did not present sufficient evidence to support the convictions; (12) The prosecution violated *Batson v. Kentucky*, 476 U.S. 79 (1986); (13) Prospective jurors did not truthfully answer voir dire questions; (14) The petit jury was tainted by extraneous information; (15) The grand jury exceeded its authority; and (16) The jurors were prejudiced and biased against him.

On January 4, 2008, the trial court entered an order denying Jones' Rule 32 petition. *Respondents' Exhibit F - Court Doc. No. 20-23* at 25. Jones appealed this decision to the Alabama Court of Criminal Appeals in which he argued that the trial court erred in its "summary denial [of] the Rule 32 petition without conducting an evidentiary hearing" and

6

absent "any specific findings of fact with respect to any of [his] claims." *Respondents' Exhibit G - Court Doc. No. 20-24* at 7, 9. On April 11, 2008, the Alabama Court of Criminal Appeals entered a memorandum opinion finding that "[t]he appellant's claims consist of bare allegations that he did not adequately support. Therefore, he did not satisfy his burden of pleading pursuant to Rules 32.3 and 32.6(b), Ala.R.Cim.P. Because the appellant's claims were not sufficiently pled, the circuit court properly denied his petition without first conduction an evidentiary hearing. See Rule 32.7(d), Ala.R.Crim.P." *Respondents' Exhibit I - Court Doc. No. 20-26* at 3. The appellate court further opined that "a circuit court need not make specific findings of fact when it summarily denies a petition. See Fincher v. State, 724 So.2d 87 (Ala.Crim.App. 1998). Therefore, appellant's argument [to the contrary] is without merit." *Id.* at 4. Jones did not further appeal the denial of his Rule 32 petition. Jones acknowledges this failure and advises he purposefully did not continue the appellate process because he performed legal research and discovered a case which he thought held "that he did not have to appeal his post-conviction petition" because, in his opinion, it would have been futile to do so. *Petitioner's Response - Court Doc. No. 21* at 2.

Jones initiated this 28 U.S.C. § 2254 action on April 17, 2008 in which he asserts the following claims for relief:

    1.    Petitioner was denied a speedy trial due to no fault of his own.

7

>   2. A material variance existed between the allegations in the indictments and the evidence presented at trial.
>
>   3. The evidence presented at trial was insufficient to support his convictions.
>
>   4. The prosecution systematically excluded blacks from the grand and petit juries.
>
>   5. The trial court abused its discretion by denying his Rule 32 petition without conducting an evidentiary hearing.
>
>   6. Trial and appellate counsel provided ineffective assistance by failing to raise these issues either at trial or on direct appeal.

*Petition for Writ of Habeas Corpus - Court Doc. No. 1* at 6-17.

In their answer to the petition, the respondents argue the claims pending before this court entitle Jones to no relief. Specifically, the respondents contend all of Jones' claims for federal habeas relief are procedurally barred from review because Jones failed to present these claims to the state courts in accordance with the State's procedural rules on appeal from the trial court's order denying the Rule 32 petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732-1733 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary.); *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003) ("Nothing in *Boerckel's* reasoning suggests that a

different rule should apply in state post-conviction appeals as opposed to direct appeals."); *Smith v. Jones*, 256 F.3d 1135, 1140 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136, 122 S.Ct. 1081, 151 L.Ed.2d 982 (2002) ("Alabama's discretionary direct review procedures bring Alabama prisoner habeas petitions within the scope of the *Boerckel* rule."); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir.), *cert denied*, 531 U.S. 1017 (2000); *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999); *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990). In support of this argument, the respondents maintain the last state court to address the claims deemed them barred from review because the petitioner failed to adequately support such claims as required by the pleading requirements of applicable procedural rules. *Respondents' Answer - Court Doc. No. 17* at 9-10. They further argue that the present claims for habeas corpus relief are procedurally defaulted because Jones failed to pursue his Rule 32 appeal past the initial appeal to the Alabama Court of Criminal Appeals. *Id*. at 10-11 (A separate procedural default occurred "because Jones failed to file a petition for writ of certiorari after the Court of Criminal Appeals affirmed the denial of the Rule 32 petitions."); *O' Sullivan*, 526 U.S. at 845. Although a state remedy existed for Jones upon the denial of his Rule 32 appeal by the Alabama Court of Criminal Appeals, he failed to undertake such remedy within the time required by state law. Rule 39(c), *Alabama Rules of Appellate Procedure*. Hence, upon expiration of the applicable time for seeking review of the appellate court's opinion, a procedural default

9

occurred. *Maples v. Allen*, 586 F.3d 879, 886 (11th Cir. 2009) (where petitioner failed to appeal court's dismissal of Rule 32 claims, "he did not properly exhaust those claims in state court. And because any further attempts by [petitioner] to exhaust those claims in state court would be futile, [petitioner's] unexhausted claims are procedurally defaulted."); *Gray v. Netherland,* 518 U.S. 152, 161-162 (1996) (where state-court remedies are no longer available because petitioner failed to file a direct appeal or properly exhaust his state post-conviction remedy, petitioner has procedurally defaulted on his claims and is generally barred from asserting claims in a federal habeas proceeding); *Coleman v. Thompson,* 501 U.S. 722, 735 n. 1 (1991) (citations omitted) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] ... there is a procedural default for purposes of federal habeas...."); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) (when a petitioner fails to properly exhaust claims in state court and is barred from raising claims in state court by applicable procedural rules, such claims are procedurally defaulted).

In light of the foregoing, this court entered an order advising Jones of the procedural default arguments made by the State and allowing him an opportunity to file a response addressing his default arising from the failure to file a petition for writ of certiorari on appeal from the denial of his Rule 32 petition. *Order of June 10 - Court Doc. No. 19.* In his response to the aforementioned order, Jones concedes his failure to file a petition for

writ of certiorari with the Alabama Supreme Court after issuance of the memorandum opinion by the Alabama Court of Criminal Appeals but contends that futility of further challenging the adverse rulings of the trial and appellate courts establishes cause to excuse this default. *Petitioner's Response - Court Doc. No. 21* at 2-3. In support of this contention, Jones argues the denial of his claims by the trial court and Alabama Court of Criminal Appeals rendered any additional attempt at relief in the state courts futile. *Id*. at 3.[1] In addition, Jones asserts this court should ignore his procedural default and address the merits of his claims because failure to do so will result in a fundamental miscarriage of justice as he is "actually innocent " of the crimes for which he was convicted. *Id*. at 4. Jones, however, presents no new, reliable evidence of innocence; instead, he merely argues that "there was <u>insufficient evidence</u> to support the convictions" and challenges various actions by the trial court regarding the weight of the evidence presented. *Id*. (emphasis in original).

Upon consideration of the § 2254 petition, the answer of the respondents, the response of the petitioner, the undisputed record in this case and applicable federal law, the

---

[1] Jones cites *Hollis v. Davis*, 912 F.2d 1343 (11th Cir. 1990), to support this argument. However, *Hollis* does ***not*** hold that futility excuses a state procedural default; rather, the opinion states that, in certain limited circumstances, futility constitutes an exception to the requirement that a petitioner exhaust state remedies. *Id*. at 1346-1347. *Hollis* is thus inapposite as the State in this case relies on procedural default, not lack of exhaustion, as the basis for denial of relief. *Waldrop v. Jones*, 77 F.3d 1308, 1315 n.6 (11th Cir. 1996). Consequently, all of the arguments presented by Jones relative to his perceived futility of exhaustion provide no basis for circumvention of the applicable procedural bar. "Even if it was unlikely that his claim[s] would have been well-taken in state court, [Jones] should have raised [them]." *Id*. at 1315. The court further finds that the conclusory allegation of futility made by Jones "fails to fit within the narrow exception for futility." *Howard v. Davis*, 815 F.2d 1429, 1430 (11th Cir. 1987).

11

court determines no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes the present habeas petition is due to be denied as the claims raised therein by the petitioner are procedurally barred from federal review.

## II.  DISCUSSION

### A.  Actual Innocence - Independent Claim

Throughout the pleadings filed in this case, Jones alleges he is actually innocent of the crimes for which he stands convicted.  The law is well settled "that '[c]laims of actual innocence ... have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.' *Herrera v. Collins,* 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993).  It is not our role to make an independent determination of a petitioner's guilt or innocence based on evidence [presented at trial or] that has emerged since the trial.  'This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution--not to correct errors of fact.' *Id.*" *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002).  In accordance with the foregoing directives, Jones is entitled to no relief from this court on any independent claim of actual innocence.

### B.  Procedural Default[2]

---

[2] As previously discussed, the respondents assert two separate procedural defaults by Jones.  Initially, the respondents argue that Jones is procedurally defaulted because the last state court to address his claims deemed them barred from review due to his failure to "support the claims with allegations of specific facts as required by [applicable state procedural rules]." *Respondents' Answer - Court Doc. No. 17* at 8-9.  The respondents further

12

Jones first presented his federal habeas claims to the state trial court in a Rule 32 petition. Jones appealed the trial court's denial of his Rule 32 petition to the Alabama Court of Criminal Appeals and the appellate court affirmed the denial of post-conviction relief. It is undisputed that Jones did not further challenge the decision issued by the Alabama Court of Criminal Appeals in the state courts. Thus, the claims presented by Jones in this petition for habeas corpus relief are procedurally defaulted as Jones failed to present these claims to the state courts in accordance with the State's applicable procedural rules and no state remedy remains in which he may now present such claims.[3] *O'Sullivan* 526 U.S. at 848 (where petitioner has not "properly presented his claims to the state

---

argue the failure of Jones to challenge the opinion of the Alabama Court of Criminal Appeals denying him relief on his Rule 32 petition "constituted a separate procedural default under *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999)." *Id*. at 11. In light of the court's reliance on the latter procedural default as the basis for denial of the habeas petition, *infra* at 13-18, the court finds it unnecessary to address the validity of the respondents' specificity procedural default argument. It does, however, appear that this procedural default would likewise preclude federal review of the petitioner's claims for relief. *Jenkins v. Bullard*, 210 Fed.Appx. 895, 899-901 (11th Cir. 2006) (petitioner's claim of ineffective assistance of appellate counsel procedurally barred from review where state post-conviction petition filed under Rule 32 of the Alabama Rules of Criminal Procedure alleging such claim was summarily dismissed on state procedural grounds for lack of specificity and state appellate court affirmed dismissal on grounds of such state law procedural bar).

[3]It is clear that Jones could have continued his Rule 32 appeal by filing an application for rehearing with the Alabama Court of Criminal Appeals and, thereafter, a petition for writ of certiorari with the Alabama Supreme Court. The mere fact "it was unlikely" the aforementioned courts would have ruled in his favor does not establish futility of raising his claims in the appropriate proceeding. *Waldrop*, 77 F.3d at 1315. Jones failure to properly exhaust his claims after issuance of the adverse appellate court's opinion constituted a procedural default because ***due to this failure any further attempt at exhaustion*** would be futile. Consequently, contrary to the assertion made by Jones in his response to the show cause order, futility did not exist during the time within which he could have challenged the decision of the Alabama Court of Criminal Appeals to deny him relief on his Rule 32 petition and only occurred *after* his procedural default during the Rule 32 appeal process. In *Maples*, 586 F.3d at 887, the Court cited the concurring opinion of Judge Carnes in *Bailey* in acknowledging that:
> "[T]he futility rule [is routinely identified as] an 'exception' to the exhaustion requirement, but in reality it is just a recognition that when there is a procedural bar that would prevent a state court from granting relief on a claim, even if that claim is meritorious, there is no effective state remedy left for the petitioner to exhaust.... This is a procedural bar case, not an exhaustion of state remedies case."

13

courts," he will have "procedurally defaulted his claims" in federal court); *McNair v. Campbell*, 416 F.3d 1291, 1305 (11th Cir. 2005) ("It is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure ... constitutes a procedural bar."); *Bailey*, 172 F.3d at 1305 ("[F]ederal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile."); *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [federal courts must] ... treat those claims now barred by state law as [procedurally defaulted with] no basis for federal habeas relief."). This court may reach the merits of the petitioner's procedurally defaulted claims "only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both 'cause' for the default and actual 'prejudice' resulting from the default. *See Murray v. Carrier,* 477 U.S. 478, 485, 106 S.Ct. 2639, 2644, 91 L.Ed.2d 397 (1986); *[Wainwright v.] Sykes*, 433 U.S. [72,] 87 [(1977)].... Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray*, 477 U.S. at 495-96, 106 S.Ct. at 2678. A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *Id*."

14

*Henderson*, 353 F.3d at 892.

### 1. <u>Cause and Prejudice</u>.

> "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper,* 169 F.3d 695, 703 (11th Cir.1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Id.*; *Crawford v. Head,* 311 F.3d 1288, 1327-28 (11th Cir.2002).

*Henderson*, 353 F.3d at 892. In an attempt to meet this burden, Jones alleges exhaustion of his state remedies on appeal from the denial of his Rule 32 petition would have been futile because the state courts are not inclined to grant post-conviction relief and argues that this perceived futility of exhaustion demonstrates cause for his default. However, this argument is foreclosed by well settled federal law as futility of exhaustion "does not constitute cause to excuse a procedural default. *Bousley v. United States*, 523 U.S. [614, 623,] 118 S.Ct. 1604 [(1998)] ('As we clearly stated in *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time.') (internal quotation marks omitted)...." *McCoy v. United States*, 266 F.ed 1245 1259 (11th Cir. 2001); *Jones v. United States*, 153 F.3d 1305, 1307 (11th Cir. 1998) (futility to present arguments on direct appeal based on adverse circuit precedent does not establish cause for default); *Waldrop*, 77 F.3d at 1315 (futility of raising claim in state courts where such courts have previously denied relief on a similar claim does not constitute cause for petitioner's failure to raise

15

claim on direct appeal).

Jones is procedurally defaulted on his claims for federal habeas relief. Jones has failed to demonstrate either cause for his failure to present his federal habeas claims to the state courts in compliance with applicable procedural rules nor the existence of actual prejudice emanating from infringement of federal law. Nevertheless, this court may still reach the merits of Jones' procedurally defaulted claims in order to prevent a fundamental miscarriage of justice.

**2. Fundamental Miscarriage of Justice - Actual Innocence**. Jones repeatedly makes the conclusory assertion that he is actually innocent of the crimes for which he has been convicted. The miscarriage of justice standard is directly linked to actual innocence. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). Actual innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id.* at 315. This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Schlup v. Delo*, *supra*. "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable juror would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States*, 523 U.S. 614, 623 (1998). The standard exacted by *Schlup* "is demanding and permits review only in the '"extraordinary"' case." *House v. Bell*, 547 U.S. 518, 538,

126 S.Ct. 2064, 2077 (2006). Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of defaulted claims." 547 U.S. at 537, 126 S.Ct. at 2077. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." 513 U.S. at 324 (emphasis added).

Jones has failed to make the requisite showing of actual innocence as he has presented no "new reliable evidence" nor do his allegations suggest that any such evidence exists which could satisfy the stringent standard set forth in *Schlup*. Jones' procedurally defaulted claims are therefore foreclosed from federal habeas review.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief filed by Laryie Earl Jones be DENIED.

2. This case be DISMISSED with prejudice.

It is further

ORDERED that on or before April 16, 2010 the parties may file objections to the Recommendation. Objections must specifically identify the findings in the Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in this Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to September 30, 1981).

Done this 2nd day of April, 2010.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE